IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

05 AUG 17 PM 4:29

| | | |
|---|---|---|
| MICHAEL P. NAVARRO and | § | |
| DINA NAVARRO, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | No. CIV05-0522 BB LCS |
| | § | |
| WESTSIDE FARMERS MARKET, LLC | § | |
| dba SUNFLOWER STORE, | § | |
| ANDRES GUTIERREZ, AND HIS | § | |
| SUCCESSOR, A&R AIR CONDITIONING | § | |
| AND REFRIGERATION SERVICE, INC., | § | |
| Individually, Jointly and Severally, | § | |
| | § | |
| Defendants. | § | |

## FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MICHAEL P. NAVARRO, hereinafter called Plaintiff, complaining of

WESTSIDE FARMERS MARKET, LLC dba SUNFLOWER STORE, ANDRES GUTIERREZ

AND HIS SUCCESSOR, A&R AIR CONDITIONING AND REFRIGERATION SERVICE, INC.,

Individually, Jointly and Severally, hereinafter sometimes collectively referred to as Defendants, and

for cause of action would show:

### I. JURISDICTION

1.      Jurisdiction is founded on diversity of citizenship of the parties and amount in controversy,

pursuant to 28 U.S.C., §1332(a)(3); and the Comprehensive Environmental Response, Compensation

and Liability Act, 42 USCA, §9601, et seq. Emergency Planning and Community Right-to-Know Act

(EPCRA)(1986) 42 USCA, §§11001 to 11050, and to Toxic Substances Control Act, 15 USCA,



§2601, et seq. and in particular §2617 (pre-emption). Plaintiff is a citizen and resident of El Paso. El Paso County, Texas.

2.      Defendant, WESTSIDE FARMERS MARKET, LLC dba SUNFLOWER STORE, is a foreign corporation, with principal place of business in Longmont, Colorado, at 16105 Monarch Road, Longmont, Colorado, 80503, wherein service of process may be served upon it by serving its registered agent or any officer of the company at that location.

3.      Plaintiff has been informed and alleges thereby that on or about May 30, 2003, Defendant, ANDRES GUTIERREZ had sold A&R Refrigeration Service to A&R AIR CONDITIONING AND REFRIGERATION SERVICE, INC., a New Mexico corporation. Plaintiff therefore alleges that on the occasion in question that ANDRES GUTIERREZ was acting as a employee for A&R Air Conditioning & Refrigeration Services, Inc., which by that time was owned by said corporation, and if Andres Gutierrez was an employee thereof, he was acting within the course and scope of his employment by A&R AIR CONDITIONING & REFRIGERATION SERVICES, INC., or any corporation that may have been qualified to transact business before June 10, 2003, would be liable herein under the doctrine of *respondeat superior.* Defendant, A&R AIR CONDITIONING & REFRIGERATION SERVICES, INC., may be served with process herein by serving its registered agent for service of process, David Hilliard, at the registered office for said corporation, located at 299 Industrial, NE, Albuquerque, New Mexico, 87107.

4.      The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

## II. FACTS

5.      At all times mentioned in this petition, Defendant, WESTSIDE FARMERS MARKET, LLC dba SUNFLOWER STORE, owned and operated a warehouse at 2200 Zearing Street, Albuquerque.

Bernalillo County, New Mexico, in connection with the operation of its retail grocery stores in such city. Plaintiff was engaged in the construction and assembly of shelving as an independent contractor for such Defendant, and was performing his services at the location provided by Defendant, WESTSIDE FARMERS MARKET, LLC dba SUN FLOWER STORE, at such warehouse on or about June 10, 2003. Located at such warehouse were old refrigerated storage units which used ammonia based coolant which was in the process of being serviced at that time by Defendant, ANDRES GUTIERREZ, either acting individually or a s agent and employee of A&R AIR CONDITIONING AND REFRIGERATION SERVICE, INC. On said day, Defendant, A&R AIR CONDITIONING AND REFRIGERATION SERVICE, INC. or its agents, servants, and employees, ANDRES GUTIERREZ, had attempted to drain the ammonia coolant from a portion of the refrigeration system by venting it into a bucket of water. The drainage and venting of such dangerous and hazardous ammonia coolant product was improperly safeguarded or protected, but instead infused the air and profused throughout the warehouse where it permeated the air in the warehouse, even toward the front of the building where Plaintiff was working. Plaintiff was wearing a dust or inhalant protectant to perform his services of woodworking, but suddenly and unexpectedly experienced symptoms he could not explain, including difficulty in breathing, and irritation to his eyes, nose, breathing passages, and other unexpected conditions. He removed his dust inhalant protector in the restroom and immediately experienced a severe reaction to the ammonia vapors, not being aware of the danger of the ammonia venting performed by Defendants, ANDRES GUTIERREZ and A&R AIR CONDITIONING AND REFRIGERATION SERVICE. INC., and experienced nausea, lightheadedness, and experienced serious, painful permanent injuries to his breathing tract, lungs, and body as a whole, for which he seeks recompense.

3

6.      Plaintiff alleges that upon information and belief that on the day in question, Defendants,
ANDRES GUTIERREZ and A&R AIR CONDITIONING AND REFRIGERATION SERVICES,
INC., were handling dangerous and hazardous substances by and on behalf of the Defendant,
WESTSIDE FARMERS MARKET, LLC dba SUN FLOWER STORE, particularly ammonia
coolants, and that the venting thereof produced gases and acids in gas form of ammonia and the
compounds thereof, which was highly toxic and corrosive, when inhaled within the warehouse.
Therefore, the warehouse and the ammonia coolant of the refrigeration system were the sole and only
source, or significant source, of such hazardous and toxic fumes and gases.

7.      Plaintiff was a 39 year old person in excellent health with no prior history of pulmonary
disease. Plaintiff reported to the Los Ranchos Fire Department EMS Unit for emergency treatment
and received emergency treatment and thereafter attempted to treat himself with home remedies, rest,
and natural recovery.  Unfortunately, Plaintiff's serious and painful symptoms of injured breathing
tracts and his lungs has persisted and he has never fully recovered therefrom and is very susceptible
to disease of the lungs and breathing tract, has difficulty in breathing, intermittently, and believes that
he has suffered serious and painful damage to his nasal passage, windpipe area, and lungs in
particular.  There is no known cure for Plaintiff's said condition.  His condition has been diagnosed
as hyper reactive airway disease.  Such condition will shorten Plaintiff's life and has caused, and will
continue to cause, ever increasing pain and suffering and recurring susceptibility to lung and breathing
tract infection and disease.  Plaintiff has already incurred substantial medical costs on account of such
condition, and will doubtless incur further expenses for medical treatment and drugs for the remainder
of his life.  Such condition has impaired Plaintiff's ability to obtain and perform gainful employment

although he continues to work as a certified equipment operator and has thereby decreased Plaintiff's past, present and future earning ability as well.

8.      Plaintiff is informed and believes and, based on such information and belief, alleges that his impairment was and is a direct and proximate result of the inhalation of the ammonia gases, and particulants emitted at the warehouse of Defendant, WESTSIDE FARMERS MARKET, LLC dba SUN FLOWER STORE, at 2200 Zearing Street, Albuquerque, New Mexico, NEW FLOWER MARKET INC. dba SUN FLOWER STORE, its officers, agents, and employees, knew or should have known that the warehouse had refrigeration units that used ammonia fluids as cooling agents and that such cooling agents were and are hazardous and dangerous substances, especially when not properly contained, and had the potential for becoming highly toxic and caustic acids in gas form when vented through water, or exposed to the air. Plaintiff alleges that such Defendant had a nondelegable duty to handle such hazardous substance in a safe and contained environment without exposure to third parties of pollution and contamination thereby. Nevertheless, Defendant's officers, agents, and employees did nothing to reduce or eliminate such hazards safely. On the contrary, such Defendant authorized the hiring of Defendants, ANDRES GUTIERREZ or A&R AIR CONDITIONING AND REFRIGERATION SERVICE, INC., in the ordinary course of business, without taking any particular steps to protect persons working in the warehouse at the time, or warning Plaintiff of any particular danger therein.

9.      Defendants have failed to use due care to avoid injuring Plaintiff or other persons in the area of the warehouse, as set out in the previous Paragraphs 5 through 8.

10.     The emissions from the warehouse coolant system on the day in question could have been eliminated or substantially reduced by the installation in such warehouse of one of several available

5

control systems, but Defendants, and each of them, failed to take stock of, or consider any necessity

of such available safety control systems under existing standards of industry, and industrial hygiene.

The installation of even the most expensive and effective pollution control system was clearly within

the Defendants' financial capabilities.

11.     The failure of Defendants, and each of them, their officers, agents and employees, to

safeguard the handling of hazardous materials referred to in Paragraphs 5 through 10, or install an

efficient pollution control system in the warehouse, are and were in willful, wanton and reckless

disregard of those persons, including Plaintiff, working and being in the warehouse, and constitute

gross negligence.

## III.  CAUSES OF ACTION

### NEGLIGENCE

12.     The emissions from the warehouse of Defendant, WESTSIDE FARMERS MARKET, LLC,

at 2200 Zearing Street, Albuquerque, New Mexico, could have been, and should have been,

eliminated and substantially reduced by the installation of proper containment devices to handle and

eliminate, contain, and segregate, the dangerous ammonia refrigerant agent and both Defendants

failed and refused to provide adequate emissions control units and properly contain the hazardous

materials produced in working on the refrigeration system itself, and failed to exercise due care in the

handling or containment of such hazardous materials, which lack of due care was a proximate cause

of the incident in question and the damages to Plaintiff caused thereby as above described.

Defendants, ANDRES GUTIERREZ, A&R AIR CONDITIONING AND REFRIGERATION

SERVICES, INC., and WESTSIDE FARMERS MARKET, LLC dba SUNFLOWER STORE, failed

to manage, handle, store, transport and dispose of potentially hazardous materials, which failures

6

were a proximate cause of the damage to Plaintiff described above. The acts or omissions of such

contractor were, separately and in combination with each other, the causes in fact of the incident in

question and the damages to Plaintiff at the time and place of the incident in question. Such injury

to Plaintiff and persons similarly situated was reasonably foreseeable to both Defendants. Defendant

WESTSIDE FARMERS MARKET, LLC dba SUNFLOWER STORE, owner, failed to properly

manage and assess the potential for hazards from the premises to all persons coming on or about the

premises, and failed to take reasonable measures to protect such persons from harm coming from

such hazards.

## STRICT LIABILITY IN TORT

13.    Defendants' failure to contain or properly vent the coolant of ammonia in the refrigeration

system at the time and place in question, permitting a consequent emission therefrom of gases and

particulants in quantities sufficient to injure the Plaintiff herein violates the following federal and state

statutes and constitute negligence per se:

Federal Hazardous Substance Act, 15 USCA, §1261(f), et seq.;

Toxic Substances Control Act, 15 USCA, §2601, et seq.;

Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 USCA, §9601, et seq.,

Consumer Product Safety Act, 15 USCA, §2051, et seq.

Non-Generators, Arrangers Liability Act, 42 USCA, §9607(a)(3);

Emergency Planning and Community Right-To-Know Act (EPCRA) 42 USCA, §11001, et seq. (1986)

New Mexico Occupational Health & Safety Act; NMSA 50-9-1, et seq., NMSA, Chapter 74, Environmental Improvement, in particular NMSA §74-4-3; 74-4-4; and 74-4-4.7

Defendants, and each of them, are therefore strictly liable for their torts in violation of such statutes and the regulations issued pursuant thereto for the failure to properly handle and dispose of hazardous substances, and file disclosure statements with relevant state and federal agencies pertaining thereto.

## NUISANCE

14.     The operation by Defendant of the warehouse and by ANDRES GUTIERREZ, individually or acting within the scope of his employment by A&R AIR CONDITIONING AND REFRIGERATION SERVICE, INC., as an employee therein, amounted to an operation so that ammonia gases and particulants were emitted, which constituted a nuisance, and such nuisance specifically injured Plaintiff as set forth above.

## BATTERY

15.     The ammonia emissions and particulants and the disbursement thereof by Defendants, and each of them, cast into the atmosphere of the controlled or closed confines of the warehouse itself, causing them to come into physical contact with the respiratory system of Plaintiff and persons inhaling them, was willful, wanton, reckless, and malicious, and Defendants should respond in punitive damages therefor, and in compensatory damages for such actions which, under the circumstances, constituted a contact with Plaintiff, and such contact is a battery as defined by state law.

## IV. DAMAGES

16.     As a proximate result of the hazardous substances and the mishandling thereof and the profusion throughout the working environment by the Defendants, Plaintiff, MICHAEL P. NAVARRO, suffered severe damage to his lungs, breathing passages, and nasal passages, and his body as a whole, from which injuries, Plaintiff, MICHAEL P. NAVARRO, has suffered past, and

continues to suffer, and will probably suffer in the future, severe pain and mental anguish, past and future loss of earnings, and medical expenses in the amount of $1,000,000.00. As a direct and proximate result of the injury Plaintiff's wife, DINA NAVARRO, has suffered individual loss of society, companionship, caregiver service to the parties' minor children, for which she seeks individual damages in the amount of $100,000.00. Plaintiff seeks an additional amount of $1,000,000.00 of punitive damages for the willful and wanton acts and omissions of the Defendants.

## V. JURY DEMAND

17.    Plaintiffs request trial by jury of their claims in this case.


## VI. PRAYER FOR RELIEF

18.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants, and each of them, be summoned to appear and answer herein, and that upon hearing, Plaintiff have judgment over and against Defendants, individually, jointly and severally, for Plaintiff's damages, plus prejudgment and postjudgment interest as permitted by law, plus all costs of court in this behalf expended, plus such other and further relief, special or general, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,
GUEVARA, REBE, BAUMANN, COLDWELL & REEDMAN, LLP
Attorneys at Law
4171 N. Mesa, Suite B-201
El Paso, Texas 79902
Office: (915) 544-6646
Fax:    (915) 544-8305

By: _____
        COLBERT N. COLDWELL
        New Mexico Bar No. 3732
        Attorneys for Plaintiff

9

## CERTIFICATE OF SERVICE

I certify that on this 11th day of August, 2005, a true and correct copy of the above and foregoing pleading was mailed, by certified mail, return receipt requested, to the attorney for Defendant Westside Farmers Market, LLC., Mr. Joseph B. Wosick of Yenson, Lynn, Allen & Wosick, P.C., 4908 Alameda Blvd. NE, Albuquerque, NM 87113-1736; and to Mark D. Jarmie, Attorney for Andres Gutierrez, P.O. Box 26416, Albuquerque, NM 87125-6416.

COLBERT N. COLDWELL