IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

MICHAEL P. NAVARRO and
DINA NAVARRO,

      Plaintiffs,

v.                            No. CIV 05-522 BB/LCS

WESTSIDE FARMERS MARKET, LLC d/b/a
Sunflower Store, ANDRES GUTIERREZ, and
his successor, A&R AIR CONDITIONING
AND REFRIGERATION SERVICE, INC.,
individually, jointly, and severally, DAVID
HILLIARD, COOPERSMITH-
FITZPATRICK LAND COMPANY, and
NATURAL TRADERS, LLC,

      Defendants.

MEMORANDUM OPINION
AND
ORDER GRANTING PARTIAL MOTION TO DISMISS
BY WESTSIDE AND NATURAL TRADERS

THIS MATTER is before the Court on the *Motion of Westside Farmers Market, LLC, and Natural Traders, LLC's Motion for Partial Dismissal* [Doc. 74] of Plaintiffs' complaint. The Court being fully advised, will dismiss the claims against these Defendants based on negligence *per se* as none of the federal or state statutes cited in Plaintiffs' complaint permit a private cause of action.

## Discussion

This question was previously before the Court on Plaintiffs' identical claims against Coopersmith-Fitzpatrick Land Company ("Coopersmith") which were brought pursuant to seeking to recover for negligence *per se* on the statutes cited, to-wit: Federal Hazardous Substance Act, 15 U.S.C. § 1261(f), *et seq.*; Toxic Substances Control Act, 15 U.S.C. § 2601, *et seq.*; Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, *et seq.*; Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.*; Non-Generators, Arrangers Liability Act, 42 U.S.C. § 9607(a)(3); Emergency Planning and Community Right-To-Know Act, 42 U.S.C. § 11001, *et seq.* (1986); New Mexico Occupational Health and Safety Act, NMSA 1978 § 50-9-1, *et seq.*; NMSA, Chapter 74, Environmental Improvement, in particular NMSA 1978 §§ 74-4-3, 74-4-4, and 74-4-4.7.  At oral argument, Plaintiffs' counsel was asked for legal authority supporting a private cause of action for a violation of each of those statutes since counsel for Coopersmith had cited authority indicating an absence of legislative intent for private actions under each act.  Counsel for Westside now makes the same motion to dismiss all claims for negligence *per se* and strict liability for violation of the identical provisions of federal and state law citing the previously relied on legal authority.

Plaintiffs again respond with general authority citing Rule of Civil Procedure 12 and recognizing the right of a personal injury victim to recover under principles of negligence and for strict liability for ultra-hazardous activities.  Once again, this

authority misses the point. No one is challenging Plaintiffs' right to pursue common law remedies. However, the common law does not provide a basis for a recovery under statutes which were clearly not intended to provide private remedy. Since only those for whose benefit a statute was enacted have a right to recover for injuries from its violation, the courts will not allow recovery for negligence *per se* unless the plaintiff and hazard involved are part of the class intended for coverage by the legislature. *FDIC v. Schuchmann*, 235 F.3d 1217 (10th Cir. 2000); *McElhannon v. Ford*, 73 P.3d 827 (N.M. App. 2003). In order to defeat Defendants' motion, then, Plaintiffs have the burden to demonstrate they were in the class the statute was designed to protect. *Gaines-Tabb v. ICI Explosives USA, Inc.*, 160 F.3d 613 (10th Cir. 1998); *Archibeque v. Homrich*, 543 P.2d 820 (N.M. 1975). Plaintiff has failed to meet this burden and Defendants' motion must be Granted.

## ORDER

Defendants Westside Farmers Market, LLC, and Natural Traders, LLC's motion for partial dismissal is GRANTED.

DATED this 29th day of November, 2006.

							_____
							**BRUCE D. BLACK**
							**United States District Judge**